Argued and submitted July 30, affirmed September 23, 2020

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# TYLER MICHAEL BROWN,
*Defendant-Appellant.*

Lincoln County Circuit Court
18CR59273; A169722

473 P3d 1164

Sheryl Bachart, Judge.

Blake Dore argued the cause for appellant. Also on the brief was Dore Law Firm, LLC.

Robert M. Wilsey, Assistant Attorney General argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeHoog, Presiding Judge, and Mooney, Judge, and Hadlock, Judge pro tempore.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for criminal driving while suspended or revoked, ORS 811.182(4) (2017), *amended by* Or Laws 2018, ch 76, § 13, and raises three assignments of error. We reject his first two assignments without further discussion. In his third assignment of error, defendant contends that the trial court erred in denying his motion to suppress evidence obtained after a sheriff's deputy "ran the plate" of the truck defendant was driving while both were in line at a restaurant drive-through. Defendant argued that the deputy's random running of the license plate was a warrantless search unsupported by probable cause, and, consequently, there was no "lawful cause" to stop defendant. The trial court denied the motion, relying on *State v. Davis*, 237 Or App 351, 355-58, 239 P3d 1002 (2010), *aff'd by an equally divided court*, 353 Or 166, 295 P3d 617 (2013), which held, under similar facts, that a law enforcement officer's query of DMV records without individualized suspicion was not a search under Article I, section 9, of the Oregon Constitution.

On appeal, defendant does not dispute that *Davis* controls, but urges us to overrule *Davis* "in light of changing technology and law enforcement practices in the intervening years." Defendant has not persuaded us that, on this record, *Davis* is "plainly wrong," as he must for us to overrule that existing precedent. *State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017) (explaining that we will only overturn precedent where it is "'plainly wrong,' a rigorous standard grounded in presumptive fidelity to *stare decisis*"). Accordingly, we conclude that the trial court did not err in denying defendant's suppression motion.

Affirmed.